**IN THE COURT OF APPEALS OF IOWA**

No. 15-0160
Filed July 9, 2015

**IN THE INTEREST OF A.R.,**
      **Minor Child,**

**B.R., Father,**
      Appellant.
_____

      Appeal from the Iowa District Court for Taylor County, Monty W. Franklin,

District Associate Judge.


      The father appeals from an order terminating his parental rights pursuant

to Iowa Code Chapter 600A (2013).  **AFFIRMED.**


      Kevin Hobbs, West Des Moines, for appellant.

      Andrew J. Zimmerman of Nielsen & Zimmerman, P.L.C., Corning, for

appellee.

      Matthew Hanson of Richard L. Wilson, P.C., Lenox, attorney and guardian

ad litem for minor child.


      Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Brent appeals from an order terminating his parental rights pursuant to Iowa Code section 600A.8(3) ("The parent has abandoned the child."), (4) ("A parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause."), (9) ("[T]he parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years."), and (10) ("The parent has been convicted of a felony offense that is a sex offense against a minor as defined in section 692A.101, the parent is divorced from or was never married to the minor's other parent, and the parent is serving a minimum sentence of confinement of at least five years for that offense.") (2013). On appeal, the father concedes the statutory grounds authorizing the termination of his parental rights was proved by clear and convincing evidence. He contends the termination of his parental rights was not in the best interests of the child. *See In re J.L.W.*, 523 N.W.2d 622, 625 (Iowa Ct. App. 1994) ("Once we determine a ground for termination under 600A.8 has been established by clear and convincing evidence, we must next determine whether it is in the child's best interests to order termination of parental rights.").

We review termination proceedings brought pursuant to Iowa Code chapter 600A de novo. *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We are not bound by the district court's factual findings, but we afford them weight, particularly findings on the credibility of witnesses. *See id.* Our primary concern is the best interests of the child. *See id.*; *see also* Iowa Code

600A.1 ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter.").

The record reflects that Brent and Danielle are the parents of A.R., age ten at the time of the termination hearing. In February 2011, Brent was convicted of five counts of sexual exploitation of a minor and three counts of sexual exploitation by a school employee. He was sentenced to an indeterminate term of incarceration not to exceed thirty years. In April 2011, Brent and Danielle divorced. The decree of dissolution of marriage contemplated Brent's incarceration and ordered that Brent have one hour of visitation with A.R. per month, subject to Department of Correction rules. Due to the nature of Brent's convictions and the department's rules, however, Brent was and is prohibited from having in-person or telephonic communication with any minor child, including A.R., until Brent completes the Sex Offender Treatment Program (hereinafter "SOTP"). The record reflects that Brent will not be able to begin the SOTP until 2018. His tentative discharge date is 2024. Danielle filed an action to terminate Brent's parental rights in September 2014. The district court entered an order terminating Brent's parental rights in January 2015.

On de novo review, we conclude there is clear and convincing evidence that the termination of Brent's rights is in the best interests of the child. Brent has not seen or spoken with A.R. since 2011 and would not be allowed to do so until at least 2018 upon the completion of SOTP. Brent has not provided any financial support to A.R., even though Brent was ordered to pay child support in the amount of ten dollars per month while incarcerated. The record reflects that

Brent has employment and the means to pay the ordered support, but he has failed to do so without good cause. Danielle has now remarried. Her husband, A.R.'s stepfather, has assumed the role of A.R.'s father, providing for A.R.'s physical and emotional needs. The stepfather seeks to adopt A.R., and A.R. has expressed an interest in being adopted. Termination of Brent's parental rights to facilitate adoption by A.R.'s stepfather would provide A.R. with permanency and stability.

We have considered each of the father's arguments, and we conclude they are unavailing. The judgment of the district court is affirmed without further opinion. *See* Iowa Court Rule 21.26(1)(a)-(e); *In re M.M.S.*, 502 N.W.2d 4, 9 (Iowa 1993) (affirming termination of incarcerated parent's parental rights as being in the best interest of the child); *In re B.L.A.*, 357 N.W.2d 20, 23–24 (Iowa 1984) (affirming termination order to allow adoption by a man who assumed role abandoned by natural father); *In re P.N.*, No. 14-0674, 2014 WL 4937995, at *3 (Iowa Ct. App. Oct. 1, 2014) (affirming termination of incarcerated parent's rights where grandparents were seeking to "offer [the child] the permanence of adoption"); *In re S.A.B.*, No. 13-1718, 2014 WL 2885322, at *3 (Iowa Ct. App. June 25, 2014) (affirming termination of incarcerated father's rights and concluding termination to facilitate adoption was in the child's best interests); *In re G.A.*, 826 N.W.2d 125, 129 (Iowa Ct. App. 2012) ("The father must take personal responsibility for his own wrongful and criminal acts, and cannot use such acts as a justification for his lack of relationship with the child.").

**AFFIRMED.**